however, we have taken into consideration the sworn answer filed in that case and given full credit to it as evidence in this case. The defense of the statute of limitations and laches set up by appellees does not apply under the facts in this case for the reason that the partnership business, or the business to be accomplished under the contract, does not yet appear to have been completed. For the reasons above given, the decree will be reversed and the cause remanded for further proceedings in the court below, which will afford the appellant the right to the accounting prayed for in his bill of complaint.

*Reversed and remanded.*

---

### Christ Knebelkamp, Appellee, v. Wiskamp Brothers et al., Appellants.

#### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Christ Knebelkamp, plaintiff, against Wiskamp Brothers, Louis C. Wiskamp and Walter F. Wiskamp, defendants, on a certain promissory note given by defendants to plaintiff. From a judgment for $191.10 for plaintiff, defendants appeal.

JAMES O. MILLER, for appellants.

C. H. G. HEINFELDEN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence is insufficient to sustain counterclaim.* In an action upon a promissory note given for the balance claimed to be due for the construction of a building, to which a counterclaim was presented, where the evidence showed said note had been renewed from time to time for several years, during which time no claim had been made of the offset, and the bill presented for the work showed a charge for such offset, and the testimony of the parties was conflicting, *held* that the finding of the court rejecting such counterclaim should not be disturbed.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 97*—*when plans and specifications offered in support of counterclaim are properly excluded.* Where a counterclaim was presented in an action upon a promissory note given for the balance claimed to be due for the construction of a building, the basis of such counterclaim being that by a change in the plans and specifications the payee of the note was relieved of the expense of trussing the roof, and this was to offset the expense of an extra ceiling, *held* that there was no error in excluding from the evidence such plans and specifications offered in support of such counterclaim.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.